**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803


**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
*paul.doolittle@poulinwilley.com*
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA YIM, individually and on behalf of all others similarly situated,** <br><br> *Plaintiff,* <br><br> **vs.** <br><br> **SHENZHEN CHARMAST TECHNOLOGY CO., LTD., and AMAZON.COM, INC.** <br><br> *Defendants.* | **Case No. _____** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **(1) UNJUST ENRICHMENT** <br> **(2) BREACH OF EXPRESS WARRANTY** <br> **(3) BREACH OF IMPLIED WARRANTY** <br> **(4) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** <br> **(5) FRAUDULENT CONCEALMENT** <br> **(6) STRICT LIABILITY- FAILURE TO WARN** <br> **(7) STRICT LIABILITY- DESIGN AND FORMULATION DEFECT** <br> **(8) NEGLIGENT FAILURE TO WARN** <br> **(9) NEGLIGENT DESIGN & FORMULATION DEFECT** <br> **(10) NEGLIGENCE** |

Plaintiff, Barbara Yim ("Plaintiff"), brings this Class Action Complaint against Defendants, Shenzhen Charmast Technology Co., LTD., and Amazon.com, Inc. ("Defendants"), individually and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff brings this class action lawsuit on behalf of herself, and all others similarly situated who purchased Charmast Power Banks, model W1056[1] (the "Product") because the lithium-ion battery in the power banks can overheat and ignite, posing fire and burn hazards to consumers.

2.      The product is formulated, designed, manufactured, advertised, sold, and distributed by Defendants or its agents to consumers, including Plaintiff, across the United States.

3.      The product is described as follows: Charmast Power Banks, model W1056 colors black, blue, green, mint, pink and white with the brand name "Charmast" printed on the front and "Model: W1056" printed on the back.[2]

---

[1] https://www.cpsc.gov/Recalls/2025/Charmast-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Sold-by-Charmast-Exclusively-on-Amazon-com (last accessed on May 28, 2025)
[2] *Id.*

2

4.     Each of the products was manufactured by Defendant Shenzhen Charmast, and sold online at Defendant Amazon's wesbsite Amazon.com from December 2018 through September 2024. [3]

5.     Through marketing and sales, Defendants represented that the Product is safe and effective for its intended use as a portable charger power bank.

6.     Other manufacturers and retailers formulate, produce, and sell non defective portable chargers with formulations and production methods that do not cause the product to overheat and ignite, posing fire and burn hazards to consumers, which is evidence that this fire hazard risk inherent with Defendants' Product is demonstrably avoidable.

7.     Feasible alternative formulations, designs, and materials are currently available and were available to Defendants at the time the Product was formulated, designed, manufactured and sold.

8.     At the time of their purchases, Defendants didn't notify Plaintiff and similarly situated consumers, of the Product's fire risk through the product labels, instructions, other packaging, advertising, or in any other manner, in violation of the state and federal law.

_____

[3] *Id.*

3

9.      Plaintiff purchased the Product while lacking the knowledge that the Product could burn and harm those who use the product, thus causing serious harm to those who use such Products.

10.      Because Plaintiff and all consumers purchased the worthless and dangerous Product, which they purchased under the presumption that the Product was safe, they have suffered losses.

11.      As a result of the above losses, Plaintiff seeks damages and equitable remedies.

### PARTIES

12.      Plaintiff Barbara Yim is a resident and citizen of San Mateo, California, and purchased the Product through Amazon on or around November of 2022.

13.      Defendant Shenzhen Charmast Technology Co. Ltd. is a foreign corporation located in China with no known registered agent for service of process located in the United States and no determinable principal place of business within this country. Defendant Shenzen Charmast is a company markets and sells its power banks and does business in every state by listing its products for sale on-line through its own website and Amazon Store. Defendant Amazon.com, Inc. is an American multinational consumer goods and technology company that conducts business in all 50 states and the District of Columbia. Amazon is a

4

Delaware corporation with principal executive offices located at 410 Terry Avenue North, Seattle, Washington 98109. 19. Amazon is the largest e-commerce company in the world. At all times relevant to this action, Amazon sold the Products at issue throughout the United States and has millions of dollars in annual sales of these Products.

14.     Upon information and belief, the planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Product, and the claims alleged herein was primarily carried out at Defendants' headquarters and facilities.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (1) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendants are citizens of different states.

16.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over Defendants because Defendants purposefully availed itself to the laws, rights, and benefits of the State of California. Defendants engaged in activities including (i) directly and/or

through its parent companies, affiliates and/or agents providing services throughout; (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in California and in this Judicial District.

18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Classes' claims occurred in this District. The Defendants sell and distribute their Product throughout the United States and in this District.  Plaintiff also resides in this District and purchased Defendants' product while residing in this District.

## FACTUAL ALLEGATIONS

19.    Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

20.    Plaintiff Barbara Yim bought a Charmast Power Bank, model W1056 in November of 2022 for personal household use via Amazon.com.

21.    Defendants are well-established corporations known for their production, distribution, and importation of power bank-related products, including the Product at hand.

22. Charmast maintains an online store on Amazon's Platform[4].

23. The Products at issue were sold exclusively on Amazon[5].

24. It is believed that Amazon charged Plaintiff Yim for the purchase, retrieved the portable charger from its location in an Amazon warehouse, prepared the portable charger for shipment in Amazon-branded packaging and sent it to Plaintiff Yim.

25. Amazon's relationship with Defendant Charmast and its distribution practices placed Amazon itself between Charmast and Yim in the chain of distribution for the Products at issue here.

26. Charmast markets its products to be safe on its Amazon Store.

[4]

[5] https://www.cpsc.gov/Recalls/2025/Charmast-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Sold-by-Charmast-Exclusively-on-Amazon-com

27. According to the FTC, Charmast has received 44 reports of the recalled power banks expanding, igniting, melting, overheating or smoking, including four reports of consumers receiving burns or blisters[6].

28. The Department of Energy imposed a civil penalty of $30,000 for Charmast's failure to certify that portable charger model W1056 was in compliance with appropriate energy conservation standards before being sold commercially within the United States. *See*: United States Department of Energy Case Number 2024-CE-39009.

---

[6] Id.

**The Products**

29.    The Product at hand is a power bank made for safe daily use.

30.    Unfortunately, the Product has a risk of the lithium-ion battery in the power bank overheating and igniting, posing fire and burn hazards to consumers.

31.    In more detail, these products are power banks, as seen below[7]:



---

[7] https://www.forbes.com/sites/maryroeloffs/2024/12/19/power-bank-chargers-sold-on-amazon-recalled-after-they-melted-caught-fire/  (last accessed on May 28, 2025)

**Defendants' Misrepresentations and Omissions are Actionable**

32.    Plaintiff bargained for a power bank that was safe to use. Defendants' Product was, and still is, unsafe due to the fire risk hazard because the defective lithium -ion battery that can be found in the Product.

33.    As a result of the fire risk hazard, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that Defendants sold them a product containing a defective battery.

34.    The dangerous fire risk hazard inherent to the Product renders them unmerchantable and unfit for their normal intended use as a safe to use power bank.

35.    The Product is not fit for its intended use by humans as they expose consumers to a fire hazard risk.

36.    Plaintiff seeks to recover damages because the Product is adulterated, defective, worthless, and unfit for safe human use due to the fire hazard contained within the Product.

37.    Defendants engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of fire hazard affecting the Product.

38.    Indeed, no reasonable consumer, including Plaintiff, would have purchased the Product had they known of the material omissions of material facts regarding the possibility of risk of fire hazard.

39.    Plaintiff intended to buy a power bank for normal household use, but instead received a product with a defective lithium-ion battery that exposed them to a risk of fire hazard.

40.    Nowhere on the Product's packaging did Defendants disclose that the Product could present a risk of fire hazard to the user.

41.    If Plaintiff had been aware of the risk of fire hazard in the Product, they would not have purchased the Product or would have paid significantly less.

42.    As a result of Defendants' actions, Plaintiff has incurred damages.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and or 23(c)(4), individually, and as the Class representatives on behalf of the following:

**Nationwide Class:** All persons within the United States who purchased the recalled Charmast power banks, model W1056 colors black, blue, green, mint, pink, and white from December 2018 through September 2024.

**California Subclass**: All persons within the state of California who purchased the recalled Charmast power banks, model W1056 colors black, blue, green, mint, pink, and white from December 2018 through September 2024.

44. The Nationwide Class, and the California Subclass shall collectively be referred to herein as the "Class" or "Classes," and individuals shall be referred to as "Class Members".

45. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

46. Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family.

47. This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

48. **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). The Class numbers at least in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

49.    **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

a.  Whether Defendants negligently failed to exercise reasonable care in the formulation, design, manufacturing, promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Product;

b.  Whether Defendants sold the defective Product, that was unreasonably dangerous to consumers such as Plaintiff and members of the Class;

c.  Whether Defendants failed to adequately warn Plaintiff and the Class of the dangers with respect to the defective Product;

d.  Whether Defendants were negligent for failure to warn;

e.  Whether Plaintiff and the Class suffered Damages as a result of the defective Product;

f.  Whether Defendants were negligent for failure to test;

g.  Whether Defendants' advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Defendants' Product;

h.  Whether Defendants made representations regarding the safety of the Product;

i.  Whether Defendants omitted material information regarding the safety of the Product;

j.  Whether Defendants' Product was merchantable;

k. Whether Defendants violated the consumer protection statutes invoked herein;

l. Whether Defendants' conduct alleged herein was fraudulent; and

m. Whether Defendants were unjustly enriched by sales of the Products.

50.    The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendants' Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to the other available methods for the fair and efficient adjudication of Plaintiff's claims.

51.    **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Class in that the Class Members uniformly purchased Defendants' Product and were subjected to Defendants' uniform merchandising materials and representations at the time of purchase.

52.    **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Class Members to protect their interests. In addition, it would be impracticable and undesirable for each member of the Classes who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and

unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

53.    **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Class because they are a member of the Classes, and their interests do not conflict with the interests of the Class that they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and undersigned counsel.

54.    **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Class thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1). Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

55.    **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members as described below, with respect to the members of the Class as a whole. Plaintiff seeks to certify Class to enjoin Defendants from selling or otherwise distributing the Product as labeled until such time that Defendants can demonstrate to the Court's satisfaction that the Product confers the advertised benefits and are otherwise safe to use as intended

56.    Additionally, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

a. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

b. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
**Unjust Enrichment**

16

**(On behalf of the Nationwide Class and, alternatively, the Classes)**

56. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

57. Plaintiff, and the other members of the Classes, conferred benefits on Defendants in the form of monies paid to purchase Defendants' defective and worthless Products. These monies were no gifts or donations but were given in exchange for the Products.

58. Defendants voluntarily accepted and retained these benefits.

59. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for a Product unfit for human use, it would be unjust and inequitable for Defendants to retain the benefit without paying the value thereof.

60. Defendants received benefits in the form of revenues from purchases of the Product to the detriment of Plaintiff, and the other members of the Classes, because Plaintiff, and members of the Classes, purchased mislabeled products that were not what Plaintiff and the Classes bargained for and were not safe and effective, as claimed.

61. Defendants have been unjustly enriched in retaining the revenues derived from the purchases of the Product by Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Product was misleading to

17

consumers, which caused injuries to Plaintiff, and members of the Classes, because they would have not purchased the Product had they known the true facts.

62.    Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

**COUNT II**
**Breach of Express Warranty**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

63.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

64.    Plaintiff, and each member of the Classes, formed a contract with Defendants at the time they purchased the Product.

65.    The terms of the contract include the promises and affirmations of fact, that the Product was safe to use, made by Defendants on the Product's packaging and through marketing and advertising.

66.    This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and Class Members and Defendants.

67.   As set forth above, Defendants purport through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is safe to use by people of all ages and genders.

68.   Plaintiff and Class Members performed all conditions precedent to Defendants' liability under this contract when they purchased the Product.

69.   Defendants breached express warranties relating to the Product and their qualities because Defendants' Product possessed the capability to harm the consumers at the time of purchase and the Product does not conform to Defendants' affirmations and promises described above.

70.   Plaintiff and each of the members of the Classes would not have purchased the Product had they known the true nature of the risk of the Product harming those who used the Product.

71.   As a result of Defendants' breach of warranty, Plaintiff and each Class Member suffered and continues to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT III
**Breach of Implied Warranty**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

72.   Plaintiff incorporates all previous paragraphs as if fully set forth herein.

73. Defendants are engaged in the business of manufacturing, constructing, making, selling, distributing, labeling, advertising, retailing, and/or otherwise placing the Product into the stream of commerce.

74. The Product is a "good" under the relevant laws, and Defendants knew or had reason to know of the specific use for which the Product, as a good, was purchased.

75. Defendants' warranty expressly applies to the purchaser of the Product, creating privity between Defendant, Plaintiff and Class Members.

76. However, privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendants' warranties and its sale through retailers. Defendants' retailers were not intended to be the ultimate consumers of the Product and have no rights under the warranty agreements. Defendants' warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

77. Defendants have been provided sufficient notice of its breaches of implied warranties associated with the Product. Defendants were put on constructive notice of its breach through its review of consumer complaints and other reports.

78.    Had Plaintiff, Class Members, and the consuming public known that the Product could cause harm, they would not have purchased the Product or would have paid less for it.

79.    As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

**COUNT IV**
**Breach of Implied Warranty of Merchantability**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

80.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

81.    Defendants are merchants engaging in the sale of goods to Plaintiff and the Classes.

82.    There was a sale of goods from Defendants to Plaintiff and the Classes.

83.    As the developer, manufacturer, marketer, distributor, and/or seller of the defective Product, Defendants impliedly warranted to Plaintiff and the Classes that its Product was fit for their intended purpose in that they would be safe for Plaintiff and the Classes to consume. Contrary to these representations and warranties, the Product is not fit for their ordinary consumption, and did not

conform to Defendants' affirmations of fact and promises included with the packaging.

84.    The implied warranty of merchantability included with the sale of each Product means that Defendants guaranteed that the Product would be fit for the ordinary purposes for which power banks are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendants, Plaintiff and Class Members.

85.    Defendants breached the implied warranty of merchantability because the Product is not fit for its ordinary purpose of providing reasonably safe for use Power Banks because the Product has a risk of burning the consumer. Therefore, the Product is not fit for its particular purpose.

86.    Defendants breached the implied warranty in the contract for the sale of the Product by knowingly selling to Plaintiff and the Classes a product that Defendants knew would expose Plaintiff and the Classes to health risks, thus meaning Defendants knew that the Product was not fit for its intended use as a safe to use Power Bank.

87.    Defendants were on notice of this breach, as they were made aware of the adverse health effects caused by risk of burning that can result from the use of their Product.

88.    Plaintiff and the Classes did not receive the goods as bargained for because the goods they received were not merchantable as they did not conform to the ordinary standards for goods of the same average grade, quality, and value.

89.    Plaintiff and Class Members are the intended beneficiaries of Defendants' implied warranties.

90.    The Products were not altered by Plaintiff or Class Members.

91.    Plaintiff and members of the Classes used the Products in the ordinary way such Power Banks were intended to be used.

92.    The Products were defective at the time they left the exclusive control of Defendant.

93.    The Products were defectively designed and/or manufactured and unfit for their intended purpose as safe to use Power Banks, and Plaintiff and members of the Classes did not receive the goods that they bargained for.

94.    Plaintiff and members of the Classes purchased the Products that contained the Defect, which was undiscoverable by them at the time of purchase and at any time during the class period.

95.    As a result of the defect in the Products, Plaintiff and Class Members have suffered damages including, but not limited to, the cost of the defective product, loss of use of the product and other related damage.

96.     Defendants breached the implied warranty of merchantability to the Plaintiff and Class Members.

97.     Thus, Defendants' attempt to limit or disclaim the implied warranties in a manner that would exclude coverage of the Defect is unenforceable and void.

98.     Plaintiff and Class Members have been damaged by Defendants' breach of the implied warranties.

99.     Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

**COUNT V**
**Fraudulent Concealment**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

100.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

101.    Defendants aimed to portray the Product as safe for frequent and repeated use and omitted key facts concerning the potential harm from burning due to the overheating of the lithium-ion battery in the Products.

102.   Defendant, acting through its representatives or agents, delivered the Product to its distributors and through other channels to consumers, including the Plaintiff and Class Members.

103.   Defendants, as the owners, manufacturers, marketers, and sellers of the Products, had a duty to disclose because of Defendants' exclusive and/or superior knowledge concerning the Products. Defendants owed Plaintiff and Class Members a duty to disclose because the risks associated with the defective products were known and/or accessible exclusively to Defendants, who had superior knowledge of the facts; because the facts would be material to consumers; because the Defendants actively concealed or understated them; because the Defendants intended for consumers to rely on the omissions in question; and because Defendants made partial representations concerning the same subject matter as the omitted facts. Furthermore, because the Product poses an unreasonable risk of substantial bodily injury, Defendants were under a continuous duty to disclose that the Products contained a defect known to cause harm, to whoever uses it.

104.   Defendants willfully and knowingly omitted material information regarding the quality and safety of the Products as discussed herein.  Defendants countenanced these material omissions to boost or maintain sales of the Product, and to create a false assurance that prolonged loyalty to Defendants' brand—the

continued use of the Product—would not place consumers in danger. The omitted information and partial representations were material to consumers because they play a significant role in determining the value of the Product at the time of purchase.

105. During this time, Plaintiff, and Class Members, were using the Products without knowing the Products could harm them due to the defect in the battery.

106. Defendants failed to discharge its duty to disclose these materials facts.

107. Although Defendants had a duty to ensure the accuracy of the information regarding the Products because such information was within the exclusive knowledge of Defendants and because the information pertains to serious health issues, Defendants failed to satisfy their duties.

108. Defendants engaged in fraudulent and deceptive conduct by devising and executing a scheme to deceptively convey that their products were safe. Defendants' actions were done to gain a commercial advantage over competitors, and to drive consumers, like the Plaintiff and Class Members, away from purchasing a competitor's product.

109. Plaintiff and the Classes reasonably relied on Defendants' failure to disclose insofar as they would not have purchased the defective Products

manufactured and sold by Defendants had they known they possessed this risk of harming them.

110. As a direct and proximate cause of Defendants' fraudulent concealment, Plaintiff, and the Classes, suffered damages in the amount of monies paid for the defective Products.

111. Plaintiff and the Class Members have suffered damages in an amount to be determined at trial that, among other things, refunds the amount Plaintiff and the Class Members paid for the Product, awards medical monitoring expenses, costs, interest and attorneys' fees.

## COUNT VI
**Strict Liability- Failure to Warn**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

112. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

113. Defendants had a duty to warn Plaintiff and Class Members regarding the Defect, that being the risk of harming consumers due to a fire hazard, within the Product.

114. Defendants, engaged in the business of selling, manufacturing and supplying the Product, placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the Product.

115. The Product supplied to Plaintiff and Class Members was defective in design and formulation and unreasonably dangerous when they left the hands of Defendants and reached consumers, including Plaintiff and Class Members, without substantial alteration in the condition in which they were sold.

116. Defendants were in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

117. Defendants failed to provide adequate warnings regarding the risks of the Product after knowledge of the Defect was known only to them.

118. Defendants had information regarding the true risks but failed to warn Plaintiff and members of the Classes to strengthen their warnings.

119. Despite their knowledge of the Defect and obligation to unilaterally strengthen the warnings, Defendants instead chose to actively conceal this knowledge from the public.

120. Plaintiff and Class Members would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the Defect and the risks of purchasing the Products.

121. This Defect proximately caused Plaintiff and Class Members' damages.

122. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other

damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VII
### Strict Liability- Design and Formulation Defect
### (On behalf of the Nationwide Class and, Classes)

123.   Plaintiff incorporates all previous paragraphs as if fully set forth herein.

124.   The design and formulation of the Product was defective and unreasonably dangerous.

125.   The risk of fire hazard contained within the Product creates unreasonable danger.

126.   The design and formulation of the Product rendered it not reasonably fit, suitable, or safe for their intended purpose.

127.   The risk of fire hazard contained within the Product outweighed the benefits and rendered the Product unreasonably dangerous.

128.   Defendants' Products were defective because the design and formulation of the Products included a defect which could create a risk of fire hazard.  After Defendants knew or should have known of the risk of fire hazard found in the Product, Defendants continued to promote the Product as safe and effective to the Plaintiff, Class Members, and public.

129.   There are other Power Banks that do not pose the risk of fire hazard, meaning that there were other means of production available to Defendant.

130.   The Product is unreasonably unsafe, and the Product should not have been sold in the market.

131.   The Product did not perform as an ordinary consumer would expect.

132.   The Defendants' negligent design/formulation of the Product is the proximate cause of damages to the Plaintiff and Class Members.

133.   Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

### COUNT VIII
**Negligent Failure to Warn**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

134.   Plaintiff incorporates all previous paragraphs as if fully set forth herein.

135.   Defendants owed Plaintiff and Class Members a duty of care and to warn of any risks associated with the Product.

136.   Defendants knew or should have known of the defect but failed to warn Plaintiff and Class Members.

137.   Plaintiff had no way of knowing of the Product's latent defect.

138.    Defendants' failure to warn caused Plaintiff and Class Members economic damages and injuries in the form of lost value due to risk of fire hazard.

139.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

**COUNT IX**
**Negligent Design & Formulation Defect**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

140.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

141.    Defendants owed Plaintiff and the Classes a duty to design and formulate the Product in a reasonable manner.

142.    The design and formulation of the Products was defective and unreasonably dangerous, causing exposure to a material with harmful effects. Thus, the Product is now worthless.

143.    The design and formulation of the Product caused them to not be fit, suitable, or safe for their intended purpose. The dangers of the Product outweighed the benefits and rendered the product unreasonably dangerous.

144.    There are other power banks that do not expose the consumers to a risk of fire hazard.

31

145.    The risk/benefit profile of the Product was unreasonable, and the Product should have had stronger and clearer warnings or should not have been sold in the market.

146.    The Defendants' negligent design/formulation of the Product was the proximate cause of damages to Plaintiff and Class Members.

147.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT X
### Negligence
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

148.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

149.    Defendants owed a duty to consumers to produce a product that was safe for its intended use.

150.    Defendants breached this duty by producing a product that was dangerous for its intended use. Defendants knew or should have known that defective Power Banks would cause injuries once exposed to humans and thus be worthless as safe-to-use Products.

151.  As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendants' breach. But for Defendants' negligent manufacture and improper oversight, Plaintiff would not have been injured.

152.  Further, Plaintiff's injuries were proximately caused by Defendants' breach. It is foreseeable that poorly designed and formulated Power Banks would cause injury, and it is foreseeable that a user would lose their benefit of the bargain if they purchased dangerous Products.

153.  Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, alleged herein, respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

  a.  For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and Plaintiff's attorney as Class Counsel;

  b.  For an order declaring the Defendants' conduct violates the causes of action referenced herein;

c.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

i.  Such other relief as this Court deems just and proper.


Dated: May 30, 2025                  Respectfully submitted,


                                     /s/ *John C. Bohren*
                                     **YANNI LAW APC**
                                     John C. Bohren (California State    Bar No. 295292)
                                     yanni@bohrenlaw.com
                                     145 South Spring Street, Suite 850
                                     Los Angeles, CA 90012
                                     Telephone: (619) 433-2803
                                     Fax: (800) 867-6779

                                     AND

                                     **POULIN | WILLEY | ANASTOPOULO, LLC**
                                     Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
                                     32 Ann Street
                                     Charleston, SC 29403
                                     Telephone: (803) 222-2222

34

Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com